1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—DUTY OF PLAINTIFF.

Plaintiff was carrying a baby in her arms, and riding in a carriage which her employer was driving.   The freight cars of defendant, standing on a side track, obscured the view of the main track at a crossing.   A passenger train of defendant struck the carriage while crossing the track, and plaintiff was injured.   She testified she did not know she was approaching a track.   *Held*, that a charge that plaintiff must show due care on her part, and negligence on the part of the defendant;

and that, if she knew she was approaching a track, she could not assume that the driver would be careful, but must look out for herself; and that, if she did not know it, she must use such care as one with her knowledge would ordinarily exercise, and that it was for the jury to determine whether she used such care,—was proper.

2. SAME—ACCIDENTS AT CROSSINGS—DUTY OF COMPANY.
Where freight cars are allowed to stand by defendant on a side track so as to obscure the view of the main track to persons approaching on the highway, it is for the jury to decide whether defendant took proper precautions to warn travelers approaching the track so that they could hear or see them if they had listened or looked.

Appeal from special term; C. H. TRUAX, Judge.

Ann Crawford sued the Delaware, Lackawanna & Western Railroad Company for injuries received by being run over by a train at a railroad crossing. Plaintiff was a servant in the employ of the driver of the carriage which was run over. The box and freight cars of defendant were standing on a side track, and, as plaintiff claimed, obscured the view of the main track until almost upon it; and testified that she did not know she was approaching a track; that she was holding a baby asleep in her arms at the time. The court charged the jury that plaintiff was bound to show due care on her part, and negligence on that of defendant; and that, if plaintiff knew she was approaching a track, she had no right to assume the driver would be careful, but must watch out for herself; but, if she did not know it, she was only bound to use such care as one with her knowledge would ordinarily exercise under the circumstances; and it was for the jury to decide whether plaintiff was negligent, and whether defendant took such precautions as were necessary to warn travelers approaching the track, so that they could hear or see them if they had listened or looked. The jury found a verdict of $6,000 for plaintiff. The court overruled a motion for new trial, and defendant appealed.

Before SEDGWICK, C. J., and FREEDMAN, J.

*Holmes & Adams,* for plaintiff. *Hamilton Odell,* for defendant.

PER CURIAM. The judgment and order should be affirmed, with costs.